## APPEAL OF CAPITOL SECURITIES CO.

Docket No. 3031.  Submitted October 16, 1925.  Decided November 18, 1925.

> Evidence insufficient to enable determination of invested capital or rate of depreciation.

*Theodore I. Schneider, C. P. A.*, for the taxpayer.
*R. P. Smith, Esq.*, for the Commissioner.

### Before GRAUPNER and PHILLIPS.

This is an appeal from the determination of a deficiency in income and profits taxes for 1919 in the amount of $2,427.34. The taxpayer contends that the Commissioner placed an incorrect value on buildings and equipment for the purpose of determining invested capital; that he used an incorrect March 1, 1913, value of buildings and equipment in determining the amount of depreciation; that he used an erroneous rate in determining the depreciation; and that he failed to make an allowance for obsolescence.

#### FINDINGS OF FACTS.

The taxpayer is the owner of the New Kenmore Hotel in Albany, N. Y., which it acquired in 1908. The hotel buildings had a value as of March 1, 1913, of $175,000.

Since the erection of this hotel, two large and more modern hotels have been erected in Albany, resulting in the New Kenmore being rated as a third-class hotel and in the increase of its operating costs and the decrease of its earnings.

In 1919 the taxpayer borrowed $150,000, securing the loan by a mortgage. Of this loan $125,000 was used to take up two other mortgages and the balance of $25,000 was used in making alterations, the greater part being spent in altering the plumbing.

Most of the furniture, kitchen equipment, and silverware used in the hotel was second-hand equipment. Linen and towels were purchased new and charged to expense.

OPINION.

GRAUPNER: The only evidence offered in this appeal which is at all satisfactory in establishing any of the facts involved is that establishing the March 1, 1913, value of the hotel building. This value we find to be $175,000, and depreciation should be allowed on that basis. As to the rate to be applied in determining the allowable depreciation, the only evidence is that of a contractor who testified, in substance, that the building would have a useful life of from 10 to 20 years from 1917, depending on the repairs made. No evidence was offered to prove either the value of the equipment or its useful life. The depositions of the taxpayer's witnesses contain some general statements to the effect that the erection of new and more modern hotels in Albany has tended to render the taxpayer's hotel obsolete, but as to the extent to which this affects the value of the taxpayer's property we are not informed.

No evidence was offered to establish the value of assets for the purpose of determining invested capital.

We believe it advisable to point out that we are wholly uninformed as to the value attributed by the Commissioner to the taxpayer's property and as to the rates of depreciation used in determining the tax liability. The statement attached to the deficiency letter discloses that the deficiency was based on a revenue agent's report. No effort was made to advise us of the values and rates set forth therein, which were the basis of the Commissioner's determination. It is evident, we believe, that we can not find that the Commissioner erred unless we are first informed as to what he did in committing the error of which the taxpayer complains.